IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:10CR173-1 |
| | ) | |
| ARTEMAS TYRELL ROBERTS | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Artemas Tyrell Roberts' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. #127]. Roberts relies on the increased risk of severe illness he faces were he to contract COVID-19, the conditions at FCI McDowell, and changes to the law since his sentencing. For the reasons explained below, his motion is denied.

On March 10, 2011, Roberts was sentenced to 234 months' imprisonment for possession with intent to distribute cocaine base followed by sixty months for possession of firearms in furtherance of a drug trafficking offense. The threshold requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional and, therefore, may be waived or forfeited. United States v. Muhammad, 16 F.4th 126, 130 (4th 2021). Roberts claims to have submitted a request to his warden for compassionate release more than thirty days before filing the instant motion. The Government was not asked to respond to this motion nor has it otherwise challenged the motion on this basis. Thus, it would be inappropriate for the Court to do so sua sponte.

Roberts must, though, meet his burden of showing that an extraordinary and compelling reason warrants relief, 18 U.S.C. § 3582(c)(1)(A)(i), and this he has not done. See United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (finding "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," "empower[ing]" courts "to consider any extraordinary and compelling reason for release that a defendant might raise") (citation omitted); U.S. Sentencing Guideline § 1B1.13, Application n.1 (providing circumstances found to be extraordinary and compelling) cited in McCoy, 981 F.3d at 282 n.7 (noting that § 1B1.13 "remains helpful guidance even when motions are filed by defendants").

Forty-one-year-old Roberts claims to suffer from hypertension for which he is prescribed medication, diabetes for which he is prescribed medication, and obesity.[1]  The Centers for Disease Control and Prevention ("CDC") recognizes that type 1 or 2 diabetes and obesity can each increase the risk of severe illness from COVID-19, and hypertension may do so. CDC, COVID-19 Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 14, 2021).  And the risk of severe illness increases as the number of medical conditions increases. Id.  The risk also increases with age, although most deaths from COVID-19 occur in individuals decades older than Roberts. Id.  He notes that his race "might also be an

---

[1] Roberts claims that FCI McDowell will not disclose his medical records to him.

2

independent risk factor." The CDC recognizes that "[l]ong-standing systemic health and social inequities have put various groups of people at increased risk of getting sick and dying from COVID-19, including many people from certain racial and ethnic minority groups." Id.

Roberts is concerned about this increased risk especially in light of the spread of COVID-19 at FCI McDowell where he is housed. He claims that it is impossible to practice social distancing in his housing unit and that air filters are changed on a limited basis. It is true that, as of February 14, 2022, thirteen inmates and one staff member are reported as positive for COVID-19 at the facility. Fed. Bureau of Prisons ("BOP"), COVID-19 Coronavirus, https://www.bop.gov/coronavirus/. However, 175 staff members and 1,139 inmates (out of 1,522) at FCI McDowell are fully vaccinated, including Roberts. Id.; BOP, FCI McDowell, https://www.bop.gov/locations/institutions/mcd/ (providing inmate population). And the BOP is offering inmates booster shots in accordance with CDC guidance.[2] BOP, COVID-19 Coronavirus; see CDC, COVID-19 Medical Conditions (explaining that "COVID-19 vaccines (initial doses and boosters) and preventive measures for COVID-19 are important, especially if you are older or have multiple or severe health conditions"). Although there are active cases at FCI McDowell, it appears that the facility's vaccination program and other efforts are helping to curb the spread of the virus.

---

[2] Roberts does not specify if he has had a booster shot.

Roberts complains that several times since March 2020 he has been confined to his cell with his cellmate for periods of fourteen or thirty days without recreation and limited to showering on Mondays, Wednesdays, and Fridays. This confinement is affecting his ability to control his weight and blood pressure. The COVID-19-related restrictions imposed on inmates are understandably frustrating and difficult. But the BOP has deemed these limitations necessary to slow the spread of the virus and protect the inmates. The Court is not in a position to question those decisions.

To the extent that Roberts relies on his medical conditions outside of the COVID-19 context, he has not argued or otherwise evidenced that he is not receiving necessary medical care. He acknowledges that he has prescriptions for his hypertension and diabetes, which convincingly suggests that he is receiving regular care for those conditions.

Roberts also argues that changes in the law since his sentencing are extraordinary and compelling. He contends that he is due relief under section 404 of the First Step Act. However, the Court has already addressed Roberts' First Step Act motion on the merits after his July 2019 filing was deemed a motion under the First Step Act, the United States Probation Office assessed his eligibility and potential relief, the United States Attorney responded, and the Federal Defender (appointed for the limited purpose of representation on the First Step Act motion) replied. (First Step Act Mot. [Doc. #108]; Order [Doc. #109]; Revised U.S. Probation Office Mem. [Doc. #112]; Resp. to Mot. [Doc. #117]; Def.'s Reply [Doc.

4

#118].) Although Roberts was eligible for relief, the Court declined to grant his motion, as explained in the Supplement to the Order. [Doc. #121.] Nothing presently before the Court changes its assessment.

Roberts also claims that he is a non-violent offender with no known ties to gangs or cartels and notes that the firearm was not actively employed in the instant offense.[3] Roberts glosses over the instant offense conduct too broadly. A search of his residence revealed a Ruger .45 caliber pistol, a Glock .45 caliber pistol, a Military Armament Corp. .45 caliber pistol, a Yugoslavian SKS 7.62mm x 39mm caliber rifle, along with $1,115, marijuana, and cocaine base. Possession of these firearms in furtherance of drug trafficking necessarily creates a potentially dangerous situation. Equally as troubling is the fact that Roberts had amassed seventeen criminal history points at the time of his sentencing and, when he committed the instant offense, was seemingly undeterred by his numerous convictions and custodial sentences. Two points were added to his criminal history (for a total of nineteen points) because he committed the instant offense while on probation. Roberts, though, argues that COVID-19 and his deteriorating physical health (joint pain, "COVID toes", and skin disorders) will deter him from further criminal conduct.

In further support of his motion, Roberts relies on his post-sentencing conduct, namely having completed vocational and life skills classes, evidenced by

---

[3] Roberts includes these considerations as part of the 18 U.S.C. § 3553(a) assessment, but it is also relevant to the extraordinary and compelling analysis.

5

a December 2021 Individualized Needs Plan – Program Review. However, it was noted at the time of his First Step Act motion that Roberts had only completed 105 hours of educational programming in over six years in custody. Since then, though, he has completed courses in Economics, Civics, and Government; Higher Order Thinking Skills, Key Historical Documents; and Job Hunting, although the course hours are not reported. Also at the time of his First Step Act motion, he had seven disciplinary infractions, including refusing to obey orders, possessing drugs, and refusing drug/alcohol test. His December 2021 Program Review reports an additional two infractions in the prior six months – possessing drugs/alcohol and possessing a hazardous tool, evidencing his continuing difficulty with abiding by rules. Roberts is making efforts to better himself with his courses, and he has a plan to reside with his wife and work for a non-profit mentoring youth upon release. But his post-sentencing conduct is not extraordinary or compelling.

In sum, neither COVID-19 and its implications for Roberts' health and conditions of confinement nor his medical conditions otherwise nor his post-sentencing conduct constitute extraordinary and compelling reasons for relief, even when considered in their totality.

For the reasons stated in this Memorandum, IT IS HEREBY ORDERED that Defendant Artemas Tyrell Roberts' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. #127] is DENIED.

This the 14th day of February, 2022.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge