# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:10-CR-173-1 |
| ) | |
| ) | |
| ARTEMAS TYRELL ROBERTS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended.[1] (ECF Nos. 131, 138.) The Government has responded, opposing the motion. (ECF Nos. 135, 139.) The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 131), will be denied.

## I.   BACKGROUND

On October 6, 2010, Defendant pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of

---

[1] Defendant was granted leave by the Court to file the Amendment. (ECF No. 137.)

possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Minute Entry of 10/6/2010; ECF No. 42 at 1.) Defendant was determined to be a career offender and sentenced by the Court to 294 months of imprisonment. (ECF No. 42 at 2.) Defendant is 44 years old, and his current projected release date is December 14, 2032.[2]

In July of 2019, Defendant filed a motion for a reduction of sentence under Section 404 of the First Step Act of 2018. (ECF No. 108.) The motion was considered and denied by the Court. (ECF No. 120.) Defendant also filed a previous motion for compassionate release seeking a reduction based on his medical conditions and risk of contracting Covid-19, intervening changes in the law under 404 of the First Step Act, and his post-sentencing conduct. (ECF No. 127.) The Court determined that Defendant had not shown an extraordinary and compelling reason for a reduction and denied that motion as well. (ECF No. 129.)

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) an extraordinary and compelling reason exists to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction

---

[2] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Oct. 23, 2025) (enter "26716-057" in BOP Register Number field).

is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Relief under section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). The record indicates Defendant filed an administrative request for compassionate release that was denied, (ECF No. 135 at 4 n.1), and the Government does not contest exhaustion. (*Id.*) Therefore, the Court will proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 130-31 (4th Cir. 2021.)

### A. Arguments of the Parties

Defendant argues that he should be granted a reduction in sentence because there have been changes in the law made applicable by the First Step Act of 2018 that would lower his sentence if sentenced for the same crimes today. (ECF No. 131 at 4-5.) In the amendment to this motion, Defendant argues that he should be granted a reduction in sentence because he would no longer be considered a career offender and therefore, he can show a gross disparity in sentence. (ECF No.138 at 4.) Defendant also argues that his rehabilitative efforts, his thorough release plan, and the non-violent nature of his offenses support a reduction. (ECF No. 131 at 6-8.)

The Government opposes the motion. (ECF No. 135.) The Government states that Defendant's sentencing guideline range remains 262 to 327 months even after the changes pursuant to the First Step Act of 2018. (*Id.* at 8.) The Government argues that because Defendant's sentencing guideline range remains the same, Defendant cannot show a disparity in sentence and therefore cannot show a basis for a reduction of sentence. (*Id.* at 9-10.) The Government further argues that Defendant is incorrect that he would no longer qualify as a career offender. (ECF no. 139 at 2, 5-6). Finally, the Government argues that consideration of the § 3553(a) factors in this case weigh against a reduction. (ECF No. 135 at 10-12.)

### B. Extraordinary and Compelling Reasons

#### 1. <u>Changes Under the First Step Act of 2018</u>

Defendant argues that he should be granted a reduction in sentence because under changes made applicable by the First Step Act of 2018, he would receive a reduced sentence if sentenced for the same crimes today. (ECF No. 131 at 4-5.) The Sentencing Commission policy guidelines specify that a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6). Defendant argues that if sentenced under the current law his guideline sentencing range on his controlled substance conviction would be reduced from 262 to 327 months' imprisonment to 151 to 188 months' imprisonment. (ECF No. 131 at 5.) He reasons that if the career offender enhancement is applied in the context of this lower guideline

range, "the sentencing Court would have been inclined to sentence him to the low end of his guideline range of 262 to 327 months." (*Id.* at 6.)

Defendant raised this argument in his previous motion for compassionate release. (ECF No. 127 at 24, 27-28.) The Court denied the motion stating it had previously considered Defendant's eligibility for a reduced sentence pursuant to § 404 of the First Step Act, and while it found Defendant was eligible, it had declined to grant him any relief. (ECF No. 129 at 4-5.) The Court concluded that nothing in Defendant's motion for compassionate release changed its assessment. (*Id.* at 5.)

In his current motion, Defendant has not presented additional facts or arguments that cause the Court to reach a different conclusion. As the Government correctly asserts, even after the First Step Act, Defendant's sentencing guideline range remains 262 to 327 months' imprisonment. (ECF No. 112.) Defendant's arguments about how the guidelines would apply in the absence of the career offender enhancement have no bearing because Defendant is a career offender. Defendant argues that if he was sentenced today the Court would consider the changes applicable after the First Step Act and under that framework be "inclined to sentence him to the lower end of his guideline range of 262 to 327 months." (ECF No. 131 at 6.) However, to the extent Defendant was eligible for a discretionary reduction under the First Step Act, the Court considered Defendant's motion and denied any relief. (ECF Nos. 120, 121).

Consequently, Defendant has failed to demonstrate an intervening change in the law that resulted in a gross disparity between the sentence imposed and the sentence likely to be

5

imposed today. Accordingly, Defendant is unable to establish an extraordinary and compelling reason to grant a reduction in sentence on this basis.

2.  Defendant's Career Offender Status

In his Amendment, Defendant argues that he should be granted a reduction in sentence because he would no longer be sentenced as a career offender, and therefore, he can show a gross disparity between his sentence and the sentence he would receive today. (ECF No. 138 at 4.) Defendant contends that two of his convictions, his 2003 conviction (00CR56980) for possession with intent to sell and deliver cocaine and his 2005 conviction (02CRS57090) for common law robbery and assault, no longer qualify as predicate offenses to support the career offender enhancement. He argues that without the 2003 and 2005 convictions he only has one prior conviction, his 1998 conviction for common law robbery, that qualifies as a predicate offense. (*Id.* at 2.)

Defendant is incorrect that he no longer qualifies as a career offender. The Sentencing Guidelines provide:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The definitions applicable to § 4B1.1 state that "[t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year . . ." U.S.S.G. § 4B1.2.

Defendant's presentence report included the following convictions in addressing the career offender enhancement: (1) Felony Sell/Deliver Cocaine, Felony Possession with Intent

6

to Sell or Deliver Cocaine, and Felony Conspire to Sell or Deliver Cocaine (07CRS50532); (2) Felony Common Law Robbery and Felony Assault Inflicting Serious Bodily Injury (02CRS57090); (3) Felony Possession with Intent to Sell or Distribute Cocaine (00CR56980); and (4) two counts of Felony Common Law Robbery (97CRS42315 and 97CRS42316). (ECF No. 90, ¶ 22.) Defendant is correct that his 2003 conviction (00CR56980) for felony possession with intent to sell or distribute cocaine would no longer qualify as a predicate offense because he could not have been sentenced to more than 12 months for that crime. *See United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). However, Defendant has at least two other prior felony convictions to sustain the career offender enhancement.

As Defendant concedes, his 1998 conviction (92CRS42316) for felony common law robbery, for which he served a sentence of 16 to 20 months imprisonment, qualifies as a predicate offense.³ *See United States v. Gattis*, 877 F.3d 150, 158 (4th Cir. 2017) (holding that North Carolina common law robbery qualifies as a crime of violence under the Sentencing Guidelines). In addition, Defendant's 2010 convictions (07CRS50532) for felony sell/deliver cocaine, felony possession with intent to sell and deliver cocaine, and felony conspiracy to sell or deliver cocaine, for which he served to 20 to 24 months imprisonment, are considered controlled substances offense under the guidelines.⁴ *See United States v. Miller*, 75 F. 4th 215, 230-31 (4th Cir. 2023) (finding N.G. Gen. Stat. § 90-95 a "categorical match" to definition of

---

³ The sentence was originally suspended, but probation was revoked, and Defendant served his 16-to-20-month term of imprisonment. (ECF No. 90, ¶ 26.)

⁴ As these convictions were counted as a single sentence only one may be used as a predicate offense. *See* U.S.S.G. § 4A1.2, Application n.3.

controlled substance offense in the sentencing guidelines). Consequently, Defendant has at least two predicate convictions and remains a career offender.[5]

Accordingly, Defendant has failed to show a gross disparity between the sentence imposed and the sentence likely to be imposed under the current law and he cannot show an extraordinary and compelling reason for a reduction of sentence on this basis.

### B. 18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a sentence reduction, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs a number of factors to include: the nature of the offense; the defendant's personal history; the sentence relative to the nature and seriousness of his offense; the need for a sentence imposed to demonstrate just punishment for the crime; the need to protect the public and deter crime; the need to provide a defendant with effective rehabilitative circumstances; and the need to avoid sentencing disparity. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

---

[5] Having determined Defendant has two qualifying convictions, the Court need not address Defendant's arguments that his 2005 conviction for felony common law robbery (02CRS57090), for which he received a 20-month suspended sentence and which was treated as a single sentence with his conviction for felony assault inflicting serious bodily injury in the presentence report, would not qualify as a predicate offense.

8

The Court acknowledges that Defendant has made some effort towards rehabilitation while in prison completing courses on topics such as drug education, job hunting, higher order thinking skills, construction trades, and anger management, that will benefit him upon release. (ECF No. 111 at 4.) The Court also recognizes that that Defendant is now 45 years old, an age at which the risk of recidivism declines. *See United States v. Howard*, 773 F.3d 519, 533 (4th Cir. 2014). However, consideration of the § 3553(a) factors overall weighs against a reduction of sentence.

Defendant's evidence of rehabilitation is diminished by the fact he has incurred at least nine disciplinary infractions while incarcerated. (ECF No. 111 at 3; ECF No. 127-2 at 1.) These include infractions for serious behavior such as possessing a hazardous tool, possessing drugs and alcohol, and refusing a drug/alcohol test. These infractions demonstrate Defendant continues to have problems conforming his conduct to community expectations and undermine his arguments that he is rehabilitated to an extent warranting early release.

Defendants' substantial criminal history also weighs against a reduction. As the Court noted in denying the earlier motion for compassionate release, Defendant had "amassed seventeen criminal history points at the time of his sentencing." (ECF No. 129 at 5.) Defendant's criminal history includes convictions for felony robbery, felony assault inflicting serious bodily injury, and multiple convictions for felony possession with intent to sell and deliver controlled substances. (ECF No. 90, ¶¶ 26-39.) Defendant's current offenses were committed while he was on probation, and his history suggests that periods of supervision or incarceration have done little to deter additional criminal conduct.

9

Finally, Defendant's actions underlying the instant convictions weigh against a reduction. Defendant characterizes his crimes as non-violent and suggests this weighs in favor of a reduction. (ECF No. 131 at 6.) However, Defendant's description downplays the serious nature of his conduct in which he possessed numerous weapons - a Ruger .45 caliber pistol, a Glock .45 caliber pistol, a Military Armament Corp. .45 caliber pistol, and a Yugoslavian SKS 7.62mm x 39 mm caliber rifle – in furtherance of his drug trade, all while on probation. (ECF No. 90, ¶ 4.)

Accordingly, the Court finds that consideration of the § 3553(a) factors in this case does not support granting a reduction of sentence. Defendant's sentence is "sufficient, but not greater than necessary" to satisfy the sentencing objectives. Any lesser sentence would not protect the public, deter crime, or provide adequate time for rehabilitation. *See* 18 U.S.C. § 3553(a)(2).

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendant's second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 131), is **DENIED**.

This, the 2nd day of December 2025.

/s/ Loretta C. Biggs
Senior United States District Judge